UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------x
SANJAY SARDANA,

        Petitioner,

       -against-

UNITED STATES OF AMERICA,

        Respondent.
------------------------------------------------x

MEMORANDUM AND ORDER
05 CV 5031 (ILG)

GLASSER, United States District Judge:

The petitioner has filed this motion pursuant to 28 U.S.C. § 2255 by which he seeks to vacate his conviction and sentence. In support of his motion he contends: (1) the government failed to establish the "parental rights" of his wife, the mother of their child absent evidence that her rights were otherwise judicially determined as, for example, in a custody proceeding; (2) the jury was erroneously instructed that his wife possessed those rights as the biological mother of the child, and (3) the ineffective assistance provided by appellate counsel in failing to argue those claims.

## Background

Without notifying the mother of their child of his true intention, but deceiving her into believing that he would return her after shopping with her for an afternoon, the petitioner abducted their three year old daughter from the home of her mother, with whom she lived, and fled with her to India.

Mrs. Sardana, the mother of the child, had virtually no contact with her daughter who was kept in India by the petitioner for eight months. While there, the petitioner

commenced a custody proceeding in the courts in New Delhi, ignoring the mother's pleas by phone and e-mail for her daughter's return. Mrs. Sardana was, instead, compelled to travel to India twice, at considerable expense, to oppose the custody proceeding, commence one on her own behalf and enlist the assistance of officials of the United States to have her daughter returned. While in India, the petitioner permitted Mrs. Sardana to visit her daughter briefly and only while chaperoned.

The petitioner was indicted and charged with violating the International Parental Kidnaping Act, 18 U.S.C. § 1204. He elected to be tried by a jury and was found guilty. He testified on his own behalf and admitted to lying to Mrs. Sardana and concealing his intention to abduct their daughter. His justification for doing that was because he believed that Mrs. Sardana was obstructing a healthy relationship from developing between him and his daughter and he wanted to "put the shoe on the other foot." He testified that he understood that Mrs. Sardana had "parental rights" but absconded with their daughter to prevent her from enforcing those rights in a custody proceeding in a New York court. He further testified that he absconded to India after determining that India was not a signatory to the Hague Convention and would not cooperate with efforts by the United States to have the child returned to her mother. The petitioner returned with his daughter after learning that a warrant was issued for his arrest and was directed by India to leave the country.

At the close of the evidence, the jury was instructed that the government had the burden of proving that the petitioner intended to obstruct Mrs. Sardana's exercise of her parental rights which she, as the biological parent had as a matter of law. The jury

found the petitioner guilty and he was subsequently sentenced to imprisonment for five months, to be followed by five months home confinement and one year of supervised release.

He appealed his conviction and sentence, represented by appellate counsel, arguing that absent a court order awarding her custody, his rights were equal to Mrs. Sardana's and that the Act was not applicable to him. He also argued that in instructing the jury that Mrs. Sardana, as the child's biological parent, possessed "parental rights" as a matter of law and that no court order establishing those rights was required, the Court erred.

On June 16, 2004, the conviction and sentence was affirmed by the Court of Appeals, 101 Fed. App. 851 (2d Cir. 2004), rejecting the petitioner's claim of an erroneous charge to the jury, his motion for a hearing *en banc* was denied and <u>cert</u>. <u>denied</u>, 125 S. Ct. 436 (2004).

<u>Discussion</u>

The petitioner once again challenges the determination that Mrs. Sardana had "parental rights" notwithstanding the decision fo the Court of Appeals and not withstanding 18 U.S.C. § 1204(b)(2)(B) which plainly defines "parental rights" with respect to a child, to mean "the right to physical custody of the child <u>whether arising by operation of law</u>, court order, or legally binding agreement of the parties." (emphasis added).

A motion pursuant to 28 U.S.C. § 2255 cannot be used to relitigate matters that were argued and considered on direct appeal. <u>Cabrera v. United States</u>, 972 F.2d 23, 25

(2d Cir. 1992). By filing this motion, the petitioner ignores that unmistakable teaching and persists in pursuing a legally meritless claim.

The petitioner similarly ignores Cabrera in persisting in his claim that the court's charge to the jury was erroneous. His "parental rights" and "jury charge" arguments were presented and rejected on direct appeal.

The statute aside, it would be an affront to common sense to assert that a biological father can deprive the biological mother of the custody of her child, an unassailable parental right, by abducting and removing her to a foreign country, claiming a right to do so because the mother has no right to the custody of a child absent a court order that says so. Not surprisingly, the Court of Appeals has rejected that monstrous assertion in this case and also in United States v. Amer, 110 F.3d 873 (2d Cir. 1997) and United States v. Fazal-ur-Raheman-Fazal, 355 F.3d 40 (1st Cir. 2004).

The petitioner's notion that his conviction was, in essence, a determination of custody, and that he was prosecuted and convicted simply because he exercised his right to be with his child is an exquisite affirmation of the observation by the court of Appeals of his "stubborn refusal to acknowledge that his conduct was criminal." 101 Fed. App. at 855.

His assertion that he was ineffectively assisted by counsel is frivolous. A reading of the briefs of highly experienced appellate counsel drives the Court to conclude that his representation met any objective standard of reasonableness and easily passed the tests announced in this regard by Strickland v. Washington, 466 U.S. 668 (1984).

Appellate counsel was invited to respond to the claim that he ineffectively assisted the petitioner in accordance with Sparman v. Edwards, 154 F.3d 51 (2d Cir.1998). He did so in an Affirmation which convincingly belies each of the petitioner's claims.

For the foregoing reasons, this motion is dismissed.

SO ORDERED.

Dated:	Brooklyn, New York
	December 29, 2005

S/

I. Leo Glasser